IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

RASHAD MATTHEW RIDDICK,
    *Pro se* Plaintiff,

    v.                              Civil No. 3:19-cv-71 (DJN)

JACK BARBER, *et al.*,
    Defendant.

<u>MEMORANDUM OPINION</u>

Plaintiff Rashad Matthew Riddick ("Plaintiff") brings this action pursuant to 42 U.S.C.

§ 1983 against Jack Barber ("Barber"), Hughes Melton ("Melton"), Rebecca A. Vauter

("Vauter"), Captain Bland ("Bland"), Dr. Nishant Parikh ("Dr. Parikh" or "Parikh"), Dr. Sridhar

Yaratha ("Dr. Yaratha" or "Yaratha"), Dr. Ted Simpson ("Dr. Simpson" or "Simpson"), Mr. Oni

("Oni"), Holly Ernouf ("Ernouf"), Michael Shaefer ("Shaefer"), Daniel Herr ("Herr") and Diane

Pope ("Pope") (collectively "Defendants"), alleging various violations of Plaintiff's Fifth, Eight

and Fourteenth Amendment rights, as well as violations of 42 U.S.C. § 9510.  This matter comes

before the Court on the Motion to Dismiss for Failure to State a Claim filed by Jack Barber,

Hughes Melton, Michael Shaefer and Daniel Herr ("DBDHS Defendants' Motion") (ECF No.

16), the Motion to Dismiss for Failure to State a Claim filed by Rebecca A. Vauter, Dr. Nishant

Parikh and Holly Ernouf ("Central State Defendants' Motion") (ECF No. 20), the Motion to

Dismiss for Failure to State a Claim filed by Mr. Oni ("Oni Mot.") (ECF No. 22), the Motion to

Dismiss for Failure to State a Claim filed by Dr. Ted Simpson ("Simpson Mot.") (ECF No. 24),

and Plaintiff's Motion for the Appointment of Counsel (ECF No. 33).  For the foregoing reasons,

the Court hereby ORDERS that the DBDHS Defendants' Motion (ECF No. 16), the Central State

Defendants' Motion (ECF No. 20), the Oni Mot. (ECF No. 22) and the Simpson Mot. (ECF No. 24) be GRANTED and that Plaintiff's Motion for the Appointment of Counsel (ECF No. 33) be DENIED.

## I. BACKGROUND

In considering a motion to dismiss for failure to state a claim pursuant to Federal Rule of Procedure 12(b)(6), the Court will accept a plaintiff's allegations as true and view the facts in a light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.2d 1130, 1134 (4th Cir. 1993). Based on this standard, the Court accepts the following facts.

### A. Moving Defendants

Dr. Simpson is a Central State Hospital ("Central State") psychologist. (Am. Compl. (ECF No. 6) ¶ 1.) Oni is a "male rehab staff member" at Central State. (Am. Compl. ¶ 4.) Vauter is the Director of Central State. (Am. Compl. ¶ 9.) Parikh is the Assistant Medical Director at Central State and Ernouf is the Director of Rehabilitation Services at Central State. (Am. Compl. ¶ 21.) Barber is the former Interim Commissioner for the Virginia Department of Behavioral Health and Developmental Services ("DBHDS"), Melton is the current Commissioner of DBHDS, Herr is a Deputy Commissioner of DBHDS and Shaefer is an Assistant Commissioner of DBHDS. (Am. Compl. ¶ 21.)

### B. Facts Alleged

In December 2012, Simpson and Yaratha requested a court order in Madison County Circuit Court, where Plaintiff stood trial, to forcibly medicate Plaintiff for the purpose of competency restoration. (Am. Compl. ¶ 1.) The Madison County Circuit Court denied the request. (Am. Compl. ¶ 1.) Plaintiff then alleges that Simpson and Yaratha later sought and received a court order for emergency treatment from the Dinwiddie General District Court. (Am.

2

Compl. ¶ 2.) Dr. Simpson secured this court order over Plaintiff's objection and "under the pretext of dangerousness." (Am. Compl. ¶ 2.) Plaintiff contends that Dr. Simpson told the court that Plaintiff "had engaged in significant acts of violence towards other patients and hospital staff, knowing that such assertions were false." (Am. Compl. ¶ 2.) Due to the forced administration of Zyprexa, an antipsychotic, Plaintiff avers that he has experienced health problems including involuntary motor movements, extreme mood swings, sudden dizziness, obesity, high cholesterol and panic breathing. (Am. Compl. ¶ 3.)

Next, Plaintiff alleges that at around 11:45 a.m. on January 6, 2015, in the Central State Building 39 Library, Defendant Oni attacked Plaintiff. (Am. Compl. ¶ 4.) However, following the incident, Plaintiff was charged with assault against Oni. (Am. Compl. ¶ 4.) On May 19, 2015, Plaintiff was indicted for maliciously wounding Oni, in violation of Va. Code § 18.2-51.[1] (Ex. A to Br. in Supp. of Mot. to Dismiss of Def. Oni ("Oni Ex. A") (ECF No. 23-1) at 1.). On September 29, 2015, Plaintiff entered into a plea agreement, and on October 26, 2015, the Circuit Court of the County of Dinwiddie entered a trial and sentencing order, finding Plaintiff guilty of malicious wounding. (Ex. B to Br. in Supp. of Mot. to Dismiss of Def. Oni ("Oni Ex. B") (ECF No. 23-2) at 1-4; Ex. C to Br. in Supp. of Mot. to Dismiss of Def. Oni ("Oni Ex. C") (ECF No. 23-3) at 1-2.)

Plaintiff further contends that on January 14, 2018 another patient attacked him from behind without provocation. (Am. Compl. ¶ 7.) Later that same day, Plaintiff states that he

---

[1]    In rendering its decision, the Court may consider documents attached to the complaint, Fed. R. Civ. P. 10(c), "as well as those attached to the motion[s] to dismiss, so long as they are integral to the complaint and authentic." *Philips v. Pitt County Memorial Hospital*, 572 F.3d 176, 180 (4th Cir. 2009). Additionally, the Court may take judicial notice of official public records, including public court documents. *Id.* (citing *Hall v. Virginia*, 385 F.3d 421, 424 (4th Cir. 2004).

asked his treatment team if either he or the other patient could be moved to avoid further confrontation and injury. (Am. Compl. ¶ 8.) Plaintiff describes that "this request was met with sarcasm." (Am. Compl. ¶ 8.) Hospital staff placed Plaintiff in four-point restraints on January 30, 2018. (Am. Compl. ¶ 9.) Plaintiff claims that this was done "at the behest" of Vauter and Barber. (Am. Compl. ¶ 9.)

Plaintiff states that he remained in four-point restraints until February 15, 2018. (Am. Compl. ¶ 10.) He describes that hospital staff forced him to sleep with these restraints, which caused "severe cramping of the arms, pain in his side, no sleep and back pain due to what can be called a permanent stress position." (Am. Compl. ¶ 10.) During this time, Plaintiff also states that he was denied the opportunity to attend religious services, receive treatment, go outdoors for daily exercise or participate in any "activity or structured program[s]" offered to the other patients. (Am. Compl. ¶¶ 11-14.) Plaintiff also states that during this period, the hospital staff forced him to shower wearing the four-point restraints, with only one arm outside the restraints at a time, "making hygiene a major issue." (Am. Compl. ¶ 15.)

Once hospital staff released Plaintiff from the four-point restraints, on February 15, 2018, they placed Plaintiff on a ward with no physical human contact. (Am. Compl. ¶ 16.) Plaintiff avers that Vauter and Barber placed him in seclusion under the pretext of aggression. (Am. Compl. ¶ 16.) As of the time of the Amended Complaint, Plaintiff remained in the secluded housing ward. (Am. Compl. ¶ 16.) Since February 15, 2018, hospital staff have not allowed Plaintiff to participate in treatment groups or religious services. (Am. Compl. ¶¶ 17-18.) Plaintiff further states that hospital staff observe him through a two-way mirror. (Am. Compl. ¶ 19.) Plaintiff contends that because of this isolation, his mental health has deteriorated and that he has experienced depression, hallucinations and anxiety. (Am. Compl. ¶ 20.) Plaintiff asserts

4

that his continued placement in isolation comes at the behest of Parikh, Ernouf, Vauter, Herr and Melton.

## C.    Plaintiff's Causes of Action and Demands for Relief

Plaintiff filed his Complaint on January 30, 2019, and his Amended Complaint on March 29, 2019.  In Count I, Plaintiff alleges that Dr. Simpson and Dr. Yaratha violated his Fifth and Fourteenth Amendment rights when they forcibly medicated Plaintiff over Plaintiff's explicit objections.  (Am. Compl. ¶¶ 22-23.)  Plaintiff seeks compensatory damages in the amount of $89,000 and punitive damages in the amount of $196,000.  (Am. Compl. ¶ 32.)

In Count II, Plaintiff asserts that when Defendant Oni attacked him, Oni used excessive force, in violation of Plaintiff's Fifth and Fourteenth Amendment rights.  (Am. Compl. ¶¶ 24-25.)  Further, Plaintiff contends that Dr. Yaratha orchestrated the attack, also in violation of Plaintiff's Fifth and Fourteenth Amendment rights.  (Am. Compl. ¶ 25.)  Plaintiff seeks compensatory damages in the amount of $42,000 and punitive damages in the amount of $60,000.  (Am Compl. ¶ 33.)

In Count III, Plaintiff alleges that Barber and Vauter are liable for knowingly and willingly subjecting Plaintiff to a prolonged period of severe bodily restraint when Plaintiff was not a present physical threat to himself or others, in violation of Plaintiff's Fifth, Eighth and Fourteenth Amendment rights.  (Am. Compl. ¶¶ 26-27.)  Plaintiff seeks compensatory damages totaling $816,000 and punitive damages in the amount of $760,000.  (Am. Compl. ¶ 34.)

Finally, in Count IV, Plaintiff asserts that in failing to "keep Plaintiff safe from the implementation of the unnecessary and wanton infliction of bodily restraint and seclusion," Vauter, Barber, Melton, Parikh, Ernouf, Shaefer, Pope and Herr have violated Plaintiff's rights under 42 U.S.C. § 9501, as well as under the Fifth, Eighth and Fourteenth Amendments.  (Am.

5

Compl. ¶¶ 29-30.) Plaintiff requests compensatory damages in the amount of $912,000 and punitive damages totaling $1,800,000. (Am. Compl. ¶ 35.) Further, Plaintiff seeks injunctive relief and requests that the Court order Defendants to release him from solitary confinement. (Am. Compl. ¶ 35.)

### D.     Defendants' Motions to Dismiss

Defendants argue that Plaintiff's complaint fails to state claims upon which relief may be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). In his Motion to Dismiss, Simpson asserts that the statute of limitations bars Plaintiff's claim. (Br. in Support of Mot. to Dismiss of Def. Dr. Ted Simpson ("Simpson Br.") (ECF No. 25) at 1.) Defendant Oni similarly argues in his Motion to Dismiss that the statute of limitations bars Plaintiff's claim. (Br. in Supp. of Mot. to Dismiss of Def. Oni ("Oni Br.") (ECF No. 23) at 1.) Oni further contends that because Plaintiff attacked Oni, and indeed pled guilty to the crime, Plaintiff is barred from bringing the claim. (Oni Br. at 1.) Moreover, Oni asserts qualified immunity. (Oni Br. at 1.)

Barber, Melton, Shaefer and Herr (collectively, the "DBHDS Defendants") moved to dismiss Counts III and IV, asserting that Plaintiff's Fifth Amendment claims are duplicative of his Fourteenth Amendment claims, that the Eighth Amendment does not apply to the involuntarily committed, and that 42 U.S.C. § 9501 does not create a private right of action enforceable under 42 U.S.C. § 1983. (Br. in Supp. of Mot. to Dismiss of Jack Barber, Hughes Melton, Michael Shaefer, and Daniel Herr ("DBHDS Br.") (ECF No. 17) at 5, n.1.) As to the Fourteenth Amendment claims, they further contend that Plaintiff fails to allege sufficient facts to show personal participation in any Fourteenth Amendment violations and, moreover, that the Professional Judgement Standard protects their actions. (DBHDS Br. at 5-6.) Finally, the DBHDS Defendants each assert qualified immunity. (DBHDS Br. at 11.) Vauter, Parikh and

Ernouf (collectively, the "Central State Defendants") put forth the same arguments in support of their Motion to Dismiss. (Br. in Supp. of Mot. to Dismiss of Rebecca A. Vauter, Dr. Nishant Parikh, and Holly Ernouf ("Central State Br.") (ECF No. 21) at 5, n.1, 6, 11).

### III.  STANDARD OF REVIEW

A complaint need only contain "a short, plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of a complaint or a counterclaim. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).  A claim or counterclaim must state facts sufficient to "'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Further, the facts alleged must be sufficient to "state all elements of [any] claim[s]." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002) and *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).  Ultimately, "[t]o survive a motion to dismiss, a claim must contain factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcraft v. Iqbal*, 556 U.S. 662, 678 (2009).

When evaluating a Rule 12(b)(6) motion to dismiss, a court must accept as true all well-pleaded allegations. *Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 539 (4th Cir. 2013).  However, "'naked assertions of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'" *Francis v. Giacomelli*, 588 F.3d 186, 183 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557).  Because Plaintiff proceeds *pro se,* the Court construes Plaintiff's complaint liberally. *Erikson v. Pardus,* 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble,* 429 U.S. 97, 106

(1976); *see also Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006) (explaining that *pro se* complaints are afforded a liberal construction). Indeed, "[a l]iberal construction of the pleadings is particularly appropriate where, as here, there is a pro se complaint raising civil rights issues," *Jehovah v. Clarke*, 798 F.3d 169, 176 (4th Cir. 2015) (citing *Smith v. Smith*, 589 F.3d 736, 738 (4th Cir.2009) (alteration in original)). However, the court need not attempt to "discern the unexpressed intent of the plaintiff," *Laber*, 438 F.3d at 413, nor does the requirement of liberal construction excuse a complete failure to allege a cognizable claim, *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990).

Furthermore, relevant here, although a Rule 12(b)(6) motion to dismiss may not typically address the merits of any affirmative defenses, in some instances, "where facts sufficient to rule on the affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (citing *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993)).

To survive a motion to dismiss and state a cognizable claim under § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Notably, a plaintiff must sufficiently allege that a defendant's *personal act or omission* lead to the deprivation of a federal right. *Fisher v. Wash. Metro. Area Transit Author.*, 690 F.2d 1133, 1142-43 (4th Cir. 1982), *abrogated on other grounds by Cty. of Riverside v. McLaughlin*, 500 U.S. 44 (1991).

## III.  ANALYSIS

Defendants argue that Plaintiff's complaint fails to state a claim upon which relief may be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).  Because the motions to dismiss determine the plausibility of Plaintiff's claims, the Court will consider those motions before resolving Plaintiff's Motion for the Appointment of Counsel.

### A.  Defendant Simpson's Motion to Dismiss Count I.

Plaintiff alleges that in December 2012, Dr. Simpson fraudulently obtained an emergency court order to forcibly administer antipsychotics in violation of Plaintiff's Fifth and Fourteenth Amendment rights.  (Am. Compl. ¶¶ 1-3, 23.)  Defendant Simpson contends that a two-year statute of limitations bars Plaintiff's claims.  (Simpson Br. at 1.)

Because 42 U.S.C. § 1983 does not supply a statute of limitations, federal courts look to state law. *Wallace v. Kato*, 549 U.S. 384, 394 (2007).  The Fourth Circuit uses the statute of limitations for personal injury claims in the state in which the alleged violations occurred. [2] *DePaola v. Clarke*, 884 F.3d 481, 486 (4th Cir. 2018); *see also Owens v. Baltimore City State's Attorneys' Office*, 767 F.3d 379, 388 (4th Cir. 2014) ("To determine the timely filing of a § 1983 claim, courts borrow the statute of limitations from the most analogous state-law cause of action. For § 1983 suits, that cause of action is a personal-injury suit." (internal citation omitted)).

Pursuant to the Code of Virginia, "[u]nless otherwise provided in this section or by other statute, every action for personal injuries . . . shall be brought within two years after the cause of action accrues." § 8.01-243(A).  However, the statute of limitations may be tolled if the person bringing the cause of action proves incapacitation.  § 8.01-229(A)(2)(b).  An individual "shall be deemed incapacitated if he is so adjudged by a court of competent jurisdiction, or if it shall

---

[2]      Here, there is no dispute that the alleged violations occurred in Virginia.

otherwise appear to the court or jury determining the issue that such person is or was incapacitated within the prescribed limitation period." *Id.* Furthermore, the plaintiff bears the burden of proving incapacity. *Kumar v. The Glidden Co.*, 2006 WL 1049174, at *5 (E.D. Va. April 13, 2006) (citing *Charlotte Telecasters, Inc. v. Jefferson-Pilot Corp.*, 546 F.2d 570, 574 (4th Cir.1976)).

Here, Plaintiff alleges that Dr. Simpson violated his Fifth and Fourteenth Amendment rights in December 2012. (Am. Compl. ¶¶ 1-3.) Plaintiff states that the court ordered medication over his explicit objections. (Am. Compl. ¶¶ 1-2.) Defendant asserts that because Plaintiff did not file this cause of action until January 20, 2019, the statute of limitations bars his claims. (Simpson Br. at 4-5.)

Plaintiff has not raised any claim alleging incompetency and, to the extent that he could, any incapacitation ended, at the latest, in 2015. Although Plaintiff remained in the custody of Central State due to involuntary commitment, "proof of an existing mental illness, or claims that a [plaintiff] is taking psychiatric medication or is under psychiatric care will not automatically warrant equitable tolling." *Robinson v. Hinkle*, 610 F. Supp. 2d 533, 539 (E.D. Va. 2009). Further, on September 29, 2015, Plaintiff entered, and the Circuit Court of the County of Dinwiddie accepted, a plea agreement, wherein Plaintiff pled guilty to malicious wounding in violation of Va. Code ¶ 18.2-51. (Oni Ex. A at 1; Oni Ex. C at 1.) The court found that Plaintiff proved competent to enter the guilty plea and that he "fully understood the nature and effect of the pleas and of the penalties that may be imposed." (Oni Ex. C at 1.)

Because Plaintiff has not made any allegations to support a finding of incapacity to warrant any equitable tolling, and because a state court in 2015 adjudged Plaintiff competent to enter a guilty plea, the Court finds that the statute of limitations to bring this claim against

10

Simpson expired, at the latest, on September 29, 2017 — two years after Plaintiff was found competent to plead guilty. Plaintiff filed the instant suit on January 20, 2019, more than two years following the expiration of the statute of limitations. For the above reasons, the Court finds that the two-year statute of limitations bars Plaintiff's Fifth and Fourteenth Amendment claims against Simpson. The Complaint itself makes clear that the statute of limitations has run. Further, there are no facts that Plaintiff can allege to overcome the statute of limitations, and therefore, the Court dismisses Count I with prejudice.

### B.    Defendant Oni's Motion to Dismiss Count II.

In Count II of the Amended Complaint, Plaintiff claims that Defendant Oni attacked him, thereby using excessive force, in violation of Plaintiff's Fifth and Fourteenth Amendment rights. (Am. Compl. ¶¶ 4, 24-25.) Oni submits that because Plaintiff attacked Oni, and indeed pled guilty to that crime, Plaintiff is barred from bringing this suit. (Oni Br. at 1.) Further, Oni argues that the statute of limitations bars this claim and, moreover, that qualified immunity protects him. (Oni Br. at 1.)

As outlined above, "[t]o determine the timely filing of a § 1983 claim, courts borrow the statute of limitations from the most analogous state-law cause of action. For § 1983 suits, that cause of action is a personal-injury suit." *Owens*, 767 F.3d at 388 (internal citation omitted). In Virginia, the statute of limitations for a personal injury suit is two years. Va. Code § 8.01-243(A).

Here, the events that give rise to Plaintiff's claims occurred in January 2015. (Am. Compl. ¶¶ 1-3.) While Plaintiff alleges that Oni attacked him unprovoked, Plaintiff was indicted on May 19, 2015, and pled guilty to malicious wounding on September 29, 2015. (Oni Ex. A at 1; Oni Ex. C at 1.) Despite being found to "fully underst[and] the nature and effect of the pleas

11

and of the penalties that may be imposed upon convictions and of the waiver of trial by jury and of appeal," Plaintiff waited more than four years following the indictment and conviction to bring the instant suit against Oni — two years beyond the statute of limitations. (Oni Ex. C at 1.) For the above reasons, based on the allegations in the Amended Complaint and matters of public record, the Court finds that the two-year statute of limitations bars Plaintiff's Fifth and Fourteenth Amendment claims against Oni.[3]  Further, there are no facts that Plaintiff can allege to overcome the statute of limitations; therefore, the Court dismisses Count II with prejudice.

### C. Defendants' Motion to Dismiss Counts III and IV.

In his Amended Complaint, Plaintiff alleges that Defendants Barber, Melton, Shaefer, Herr, Vauter, Parikh and Ernouf (collectively, the "Group Defendants") violated his rights under the Fifth, Eighth and Fourteenth Amendments, as well as his rights under 42 U.S.C § 9501.  In Count III, Plaintiff asserts that Barber and Vauter ordered Plaintiff to be placed in four-point restraints continually from January 30, 2018 to February 15, 2018, in violation of his Fifth, Eighth and Fourteenth Amendment rights. (Am. Compl. ¶ 9.)  In Count IV, Plaintiff claims that the Group Defendants perpetuated Plaintiff's continued placement in an isolation ward at Central State. (Am. Compl. ¶¶ 16, 21.)  Plaintiff further alleges in Count IV that the Group Defendants' orchestration of his ongoing seclusion violates his rights as provided by 42 U.S.C. § 9501, otherwise known as the Bill of Rights for Mental Health Patients. (Am. Compl. ¶ 28.)  While the

---

[3]  Because the Court finds that Plaintiff's claim against Oni is time-barred, it need not fully address Defendant's other arguments.  However, the Court notes that even if the claim did not prove time-barred, Plaintiff's cause of action would warrant dismissal, because Plaintiff has already pled guilty to and was convicted of the very attack that he is now claiming against Oni. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994) ("[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.")

Group Defendants filed two separate motions, both the DBHDS Defendants and the Central State Defendants put forth the same arguments in their motions to dismiss.

The Group Defendants argue first that Plaintiff's Fifth Amendment claims are duplicative of his Fourteenth Amendment claims and the Court should dismiss them as such. (DBHDS Br. at 5; Central State Br. at 5.) Second, the Group Defendants assert that the Eighth Amendment does not apply to Plaintiff, who is an involuntarily committed mental health patient. (DBHDS Br. at 6; Central State Br. at 5-6.) They further contend that Plaintiff's claim pursuant to 42 U.S.C § 9501 ought to be dismissed because § 9501 does not create a private right of action enforceable under 42 U.S.C. § 1983. (DBHDS Br. at 5, n.1; Central State Br. at 5, n.1.) As to the Fourteenth Amendment claims against them, the Group Defendants assert that Plaintiff fails to allege sufficient facts to establish personal participation and, furthermore, that Plaintiff's claims are subject to the Professional Judgment Standard, requiring dismissal. (DBHDS Br. at 5-6; Central State Br. at 5-6.) Finally, the Group Defendants each assert qualified immunity. (DBHDS Br. at 11; Central State Br. at 11.)

Plaintiff only filed a response to the Central State Defendants' brief. (Pl.'s Mot. in Opp. to Mot. to Dismiss as to Defs. Vauter, Parikh and Ernouf ("Pl.'s Opp") (ECF No. 28)). Plaintiff concedes that his Eighth Amendment claim should be dismissed "as Eighth Amendment claims do not apply to mental hospitals." (Pl.'s Opp. at 3.) He further alleges that he has presented all facts "to the best extent possible under the circumstances," because he has been repeatedly denied access to his medical records. (Pl.'s Opp. at 3.) He also, in a seemingly new claim, avers that Defendants have denied him access to the courts. (Pl.'s Opp. at 3.) Plaintiff further asserts that the actions in the instant case do not deserve the protective presumption of the

Professional Judgment Standard. (Pl.'s Opp. at 3.) Finally, he claims that Vauter, Parikh and Ernouf are not entitled to qualified immunity in this case. (Pl.'s Opp. at 9.)

In their reply, the Central State Defendants reassert their original arguments and, further, contend that Plaintiff's allegation that Defendants have denied him access to the courts should not be addressed, because Plaintiff failed to raise the claim in his Amended Complaint. (Reply Br. in Supp. of Mot. to Dismiss of Rebecca A. Vauter, Dr. Nishant Parikh and Holly Ernouf ("Reply Br.") (ECF No. 31) at 2-7.) Further, they assert that even if the Court were to consider Plaintiff's new claim, they have not denied Plaintiff access to the courts. (Reply Br. at 5-6.)

### 1. Claims Pursuant to the Fifth and Eighth Amendments and 42 U.S.C § 9501.

As an initial matter, the Court agrees with the Central State Defendants that Plaintiff cannot raise a new claim in his response to the motion to dismiss. Plaintiff cannot simply "add new claims by a passing reference in these submissions." *Oden v. Wilson*, 2018 WL 359478, at *2 (E.D. Va. Jan. 10, 2018) (citing *Equity in Athletics, Inc. v. Dep't of Educ.*, 504 F. Supp. 2d 88, 111 (W.D. Va. 2007) (explaining that "new legal theories must be added by way of amended pleadings, not by arguments asserted in legal briefs" (internal citations omitted)). Therefore, to the extent that Plaintiff seeks to assert a new claim, the Court will not give that claim any further consideration.

Next, Plaintiff concedes, and the Court agrees, that the Eighth Amendment does not apply to the involuntarily committed, and therefore, Plaintiff's Eighth Amendment claims as to both the DBDHS Defendants and the Central State Defendants are dismissed.[4] *Youngberg*, 457

---

[4] While Plaintiff did not file a response to the DBHDS Brief, in his response to Defendants Vauter, Parikh and Ernouf, Plaintiff concedes that, "[a]s an initial matter, Plaintiff agrees with the defense's position that the Eighth Amendment Claim should be dismissed, as Eighth Amendment Claims does not apply to mental hospitals." Pl.'s Opp. at 3.) Therefore, the Court

U.S. at 319-21 (applying the Fourteenth Amendment to the involuntarily committed); Pl.'s Opp. at 3. Further, the Group Defendants argue, and the Court concurs, that Plaintiff's Fifth Amendment claims against both the DBDHS Defendants and the Central State Defendants should be dismissed as duplicative of Plaintiff's Fourteenth Amendment claims. (DBHDS Br. at 5; Central State Br. at 5.) *See Ingraham v. Wright*, 430 U.S. 651, 672-73 (1977) (explaining that the Fifth Amendment applies to the states through the Fourteenth Amendment); *Cosby v. City of Oakland*, 1997 WL 703776, at *5 (N.D. Ca. Oct. 28, 1997) ("[A]ny Fifth Amendment claim is merely duplicative of the Fourteenth Amendment claims and, thus, [should be] dismissed."). Furthermore, it is the Fourteenth Amendment, rather than the Fifth Amendment, that specifically governs the conduct of state officials. *Tate v. Smith*, 2017 WL 1843269, at *9 (M.D. N.C. May 5, 2017) (citing *Dusenbery v. United States*, 534 U.S. 161, 167 (2002)).

In Count IV of the Amended Complaint, Plaintiff cites to 42 U.S.C. § 9501, also known as the Bill of Rights for Mental Health Patients. (Am. Comp. ¶ 28.) While the Fourth Circuit has not addressed the issue, other courts have unanimously held that 42 U.S.C. § 9501 does not create any private right of action that may be enforced through a § 1983 claim. *See Smith v. Au Sable Valley Cmty. Mental Health Servs.*, 431 F. Supp. 2d 743, 750 (E.D. Mich. 2006) (holding that § 9501 does not create an individual right enforceable under § 1983); *Croft v. Harder*, 730 F. Supp. 342, 351 (D. Kan. 1989) ("This court finds that the Mental Health Bill of Rights, 42 U.S.C. § 9501, creates no substantive federal rights that may be enforced in an action under 42 U.S.C. § 1983."); *see also Monahan v. Dorchester Counseling Ctr., Inc*, 961 F.2d 987, 994 (1st Cir. 1992) (holding that 42 U.S.C. § 10841, the Restatement of Bill of Rights for Mental Health

---

finds that Plaintiff has conceded that he does not have an actionable Eighth Amendment claim against any of the defendants.

Patients, which restates the provisions of § 9501 in nearly identical terms, does not create a private right of action enforceable under § 1983.) Because the Court finds that 42 U.S.C. § 9501 does not create a substantive federal right that may be enforced under § 1983, the Court dismisses any § 9501 claim against the DBDHS Defendants and the Central State Defendants. Because of the above stated reasons, the Court dismisses the Fifth and Eighth Amendment claims against each individual Group Defendant, as well as any § 9501 claims against the same.

### 2. The Fourteen Amendment Claims.

Plaintiff brings Fourteenth Amendment claims pursuant to 42 U.S.C. § 1983 against each of the Group Defendants. To state a cognizable claim under § 1983, Plaintiff must allege facts in his complaint to show that he was "deprived of rights guaranteed by the Constitution or the laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law." *Turner v. Herrick*, 2011 WL 3320820, at *3 (E.D. Va. July 29, 2011) (citing *West v. Atkins*, 487 U.S. 42 (1988)); *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692-93 (1978) (explaining that a plaintiff must demonstrate that a defendant personally participated in the alleged constitutional violation.) Indeed, the Supreme Court has held a plaintiff must show personal participation and, further, that the concept of respondeat superior does not exist for claims brought pursuant to § 1983. *Id.*; *see also Iqbal*, 556 U.S. 662, 676 (2009) ("[A] plaintiff must plead that each Government-official defendant, through the official's *own individual actions*, has violated the Constitution." (emphasis added))

Further, within the context of Plaintiff's Fourteenth Amendment claims against the state mental health professionals, even if a plaintiff can establish personal participation in the alleged Fourteenth Amendment violation, the decisions of state professionals are entitled to a presumption of correctness. *Youngberg v. Romeo*, 457 U.S. 307 (1982). The professional

judgment standard provides that a "decision, if made by a professional, is presumptively valid; liability may be imposed only when the decision by the professional is such a substantial departure from the accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Id.* at 322; *see also Patten v. Nichols*, 274 F.3d 829, 836 (4th Cir. 2001) (citing *Youngberg*). It is not up to the courts to question the professional judgment of experts in their fields. *Youngberg*, 457 U.S. at 322 ("[T]here is no reason to think judges or juries are better qualified than appropriate professionals in making such decisions.").

Here, the Court finds that as to the DBDHS Defendants, Parikh and Ernouf, Plaintiff has failed to allege facts sufficient to show that those Defendants have deprived him of his rights guaranteed to him under the Fourteenth Amendment. Indeed, Plaintiff has not demonstrated any facts that tend to support personal participation in a constitutional violation, as required by § 1983. Further, the Court finds that Plaintiff has not sufficiently pled his Fourteenth Amendment claims in Count III and IV against Defendant Vauter, because the Professional Judgment Standard creates a presumption of validity and Plaintiff has done nothing to rebut that presumption.

With respect to Count III, Plaintiff alleges Barber and Vauter impermissibly ordered Plaintiff into four-point restraints. (Am. Compl. ¶ 9.) Plaintiff further elaborates that Defendants Barber and Vauter "knowingly and willingly subjected Plaintiff to a prolonged period of severe bodily restraints when Plaintiff was not a present threat to himself or others." (Am. Compl. ¶ 27.) In Count IV, Plaintiff asserts Defendants Barber and Vauter placed him in seclusion and that the Group Defendants "further perpetuated" his placement and "failed to keep [him] safe

17

from the implementation of the unnecessary and wanton infliction of bodily restraint and conclusion." (Am. Compl. ¶¶ 16, 21, 30.)

<blockquote>
i.    **Plaintiff's Complaint Fails as to the DBDHS Defendants, Parikh and Ernouf Because Plaintiff Does not Allege Sufficient Facts to Establish Personal Participation.**
</blockquote>

As to the DBHDS Defendants, Plaintiff has put forth factual and legal conclusions, but has failed to allege facts in either Count III or Count IV that demonstrate that any of the DBHDS Defendants personally participated in the alleged Fourteenth Amendment violations. Because Plaintiff proceeds *pro se*, the Court may construe Plaintiff's complaint liberally; however, "'naked assertions of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'" *Francis v. Giacomelli*, 588 F.3d 186, 183 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557). Like his claims against the DBHDS Defendants, Plaintiff fails to support his "naked assertions of wrongdoing" against Parikh and Ernouf with any "factual enhancement" that allow his claims to reach the threshold of plausibility. *Id.* Plaintiff merely concludes that Defendant Parikh and Ernouf have "perpetuated" his seclusion — without any facts to support that allegation. (Am. Compl. ¶ 30.) Because Plaintiff has failed to allege sufficient facts to demonstrate any personal participation in the alleged Fourteenth Amendment violations on the part of the DBDHS Defendants, Parikh and Ernouf, the Court finds that Plaintiff has failed to state Fourteenth Amendment claims upon which relief can be granted pursuant to § 1983.

<blockquote>
ii.    **Plaintiff's Claim Against Vauter Fails Because of the Professional Judgment Standard.**
</blockquote>

As to Vauter, Plaintiff has sufficiently pled facts "that allow his claims to reach the threshold of plausibility." *Francis*, 588 F.3d at 183 (quoting *Twombly*, 550 U.S. at 557). Indeed, in his Response to the Central State Defendants' Motion, Plaintiff submitted correspondence —

dated before Plaintiff's Amended Complaint — between Vauter and Plaintiff, that tends to demonstrate Vauter's personal participation in the claims that Plaintiff alleges. [5] (Ex. B to Pl.'s Opp. ("Opp. Ex. B") (ECF No. 28-2)). The correspondence specifically references Plaintiff's placement in four-point restraints and in the seclusion ward, and tends to show Vauter's personal participation in the events and alleged Fourteenth Amendment violations. (Opp. Ex. B at 1-7, 9-10.)

However, while Plaintiff has alleged facts sufficient to demonstrate personal participation, Plaintiff has failed to assert any facts that overcome the Professional Judgment Standard's presumption of validity. *See Youngberg*, 457 U.S. at 323 ("[A] decision, if made by a professional, is presumptively valid.") Plaintiff has not provided any facts that tend to demonstrate a substantial or shocking departure from the accepted professional standard. Indeed, Plaintiff has not stated any facts that identify the accepted professional standard. Nor has he identified the actions that departed from that standard. Because Plaintiff has not demonstrated that Vauter substantially departed from any appropriate professional judgment, Vauter's decisions are presumed valid and not in violation of Plaintiff's Fourteenth Amendment rights. [6]

Because of the above stated reasons, the Court finds that Plaintiff has failed to state a Fourteenth Amendment claim upon which relief may be granted against any of the DBDHS

---

[5]    While the Central State Defendants briefly assert that the Court should not consider the letters attached to Plaintiff's Motion in Opposition, the Court finds that it may rely on the documents, especially in light of the fact that Plaintiff proceeds *pro se*. *See e.g., Goines v. Valley Community Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) ("[A court] may consider a document . . . that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity."). These letters are not new claims, merely evidence that Plaintiff appears to have relied on in crafting the original claims in his Amended Complaint.

[6]    Further, the Court notes that because Plaintiff has not alleged facts sufficient to state a constitutional violation, the Court need not address Defendants' qualified immunity argument.

Defendants or Central State Defendants.  Because Plaintiff proceeds *pro se*, the Court will

dismiss these Fourteenth Amendment claims without prejudice, to provide Plaintiff with the

opportunity to properly allege sufficient facts.

## IV.  PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL

Plaintiff has moved the Court for the appointment of counsel because of his deteriorating

mental health.  (Pl.'s Mot for Counsel at 1.)  Plaintiff proceeds in forma pauperis, pursuant to 28

U.S.C. § 1915.  While § 1915(e)(1) states that "the court may request an attorney to represent

any person unable to afford counsel," there is "no absolute right to [the] appointment of

counsel."  *Hall v. Holsmith*, 2009 WL 2171212, at *1 (4th Cir. 2009).  Indeed, a plaintiff

proceeding in forma pauperis must exhibit "exceptional circumstances."  *Id.* (citing *Miller v.

Simmons*, 814 F.2d 962, 966 (4th Cir. 1987)).  Courts have found that exceptional circumstances

exist when "a *pro se* litigant has a colorable claim but lacks the capacity to present it."

*Whisenant v. Yuam*, 739 F.2d 160, 164 (4th Cir. 1984), *abrogated on other grounds by Mallard

v. U.S. Dist. Ct.*, 490 U.S. 296, 298 (1989); *see also Branch v. Cole*, 686 F.2d 264, 266 (5th Cir.

1982) ("The existence of such circumstances will turn on the quality of two basic factors—the

type and complexity of the case, and the abilities of the individuals bringing it." (citation

omitted)).

Here, Plaintiff argues that because of eighteen months of solitary confinement, his mental

health has "deteriorated to a point where [he is] unable to proceed without counsel."  (Pl.'s Mot

for Counsel at 1.)  The Court finds this argument unpersuasive.  Throughout the course of the

litigation, Plaintiff has demonstrated an impressive ability to respond to the Court's orders and

file timely and organized pleadings.   In both his Complaint and his Response in Opposition to

Defendants' Motion to Dismiss, Plaintiff presented clear and coherent arguments, and included

legal citations. Further, Plaintiff's Motion for the Appointment of Counsel proves meticulous, orderly and notarized. For the above stated reasons, the Court does not find that Plaintiff has demonstrated an exceptional circumstance that warrants the appointment of counsel.

## IV.   CONCLUSION

For the reasons set forth above, the Court hereby ORDERS that the DBDHS Defendants' Motion (ECF No. 16), the Central State Defendants' Motion (ECF No. 20), the Oni Mot. (ECF No. 22) and the Simpson Mot. (ECF No. 24) be GRANTED, and that Plaintiff's Motion for the Appointment of Counsel (ECF No. 33) be DENIED. The Court hereby DISMISSES WITH PREJUDICE Count I against Simpson, Count II against Oni, all Fifth Amendment claims in Count III and Count IV against each of the Group Defendants, all Eighth Amendment claims in Count III and Count IV against each of the Group Defendants, and all 42 U.S.C. § 9501 claims in Count III and Count IV against each of the Group Defendants. Further, the Court hereby DISMISSES WITHOUT PREJUDICE all Fourteenth Amendment claims in Count III and Count IV against Barber, Melton, Shaefer, Herr, Parikh, Ernouf and Vauter.

An appropriate Order shall issue.

Let the Clerk file a copy of this Memorandum Opinion electronically, notify all counsel of record and forward a copy to Plaintiff at his address of record.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Date: November 18, 2019