IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

RASHAD MATTHEW RIDDICK,
    *Pro se* Plaintiff,

v.                                                                Civil No. 3:19cv71 (DJN)

JACK BARBER, *et al.*,
    Defendant.

**MEMORANDUM OPINION**
**(Granting Motion to Dismiss)**

Plaintiff Rashad Matthew Riddick ("Plaintiff") brings this action pursuant to 42 U.S.C. § 1983 against Jack Barber ("Barber"), Hughes Melton ("Melton") and Rebecca A. Vauter ("Vauter") (collectively, "Defendants") alleging violations of Plaintiff's Fifth and Fourteenth Amendment rights.[1] This matter comes before the Court on Defendants' Motion to Dismiss Amended Complaint (ECF No. 49). For the reasons set forth below, the Court hereby GRANTS Plaintiff's Motion to Reincorporate Previous Motion in Opposition to Defendants' Motion to Dismiss (ECF No. 53),[2] and further GRANTS Defendants' Motion to Dismiss (ECF No. 49).

---

[1] For the reasons set forth in the Court's earlier Memorandum Opinion, the Court dismisses with prejudice any claims asserted by Plaintiff to the extent that they arise under the Fifth Amendment. (Mem. Op. (ECF No. 38) at 15.)

[2] Plaintiff filed the Motion to Reincorporate (ECF No. 53) on March 29, 2021. According to Plaintiff, he does not have access to resources that would allow him to intelligently respond to Defendants' Motion to Dismiss. For that reason and the additional reason that Plaintiff proceeds *pro se*, the Court GRANTS Plaintiff's Motion (ECF No. 53) and will consider the arguments Plaintiff made in his prior Response in Opposition (ECF No. 28) in rendering a decision on the instant Motion (ECF No. 49).

Accordingly, the Court DISMISSES WITH PREJUDICE Plaintiff's Second Amended Complaint (ECF No. 47).

## I. BACKGROUND

In considering a motion to dismiss for failure to state a claim pursuant to Federal Rule of Procedure 12(b)(6), the Court will accept a plaintiff's allegations as true and view the facts in a light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.2d 1130, 1134 (4th Cir. 1993). Based on this standard, the Court accepts the following facts.

### A. Procedural History

Plaintiff filed his original proposed Complaint (appended to a Motion to Proceed *in forma pauperis*) on January 30, 2019. (Compl. (ECF No. 1-1).) On March 1, 2019, the Court entered an Order (ECF No. 2) explaining various procedural infirmities in both Plaintiff's application for IFP status and his proposed Complaint. The Court then allowed Plaintiff until March 22, 2019, to file an Amended Complaint curing the noted deficiencies. On March 22, 2019, and March 29, 2019, respectively, Plaintiff filed two successive Amended Complaints. (ECF Nos. 5, 6.) On April 15, 2019, the Court entered an Order (ECF No. 8) granting Plaintiff IFP status and finding that the most recently filed Amended Complaint (ECF No. 6) satisfied Federal Rule of Civil Procedure 8. Accordingly, the Court directed the Clerk to arrange for service of the Amended Complaint.

In May 2019, Defendants moved to dismiss Plaintiff's Amended Complaint for failure to state a claim. (ECF Nos. 16, 20.) On November 18, 2019, the Court issued a Memorandum Opinion and Order (ECF Nos. 38, 39) substantially granting Defendants' motions to dismiss. Relevant here, the Court dismissed without prejudice all Fourteenth Amendment claims in Counts III and Count IV. (Mem. Op. (ECF No. 38) at 21.) With respect to Barber and Melton,

the Court held that Plaintiff failed to allege facts sufficient to show their personal participation in the alleged constitutional violations. (Mem. Op. at 16-18.) As to Vauter, the Court held that Plaintiff failed to allege facts showing that Vauter substantially departed from any appropriate professional judgment. (Mem. Op. at 18-20.) However, "[b]ecause Plaintiff proceeds *pro se*" the Court dismissed those claims without prejudice to "provide Plaintiff with the opportunity to properly allege sufficient facts." (Mem. Op. at 20.)

Instead of filing an Amended Complaint, however, Plaintiff filed a notice of appeal on December 3, 2019. (ECF No. 40.) On September 22, 2020, the Fourth Circuit remanded the case back to this Court, noting that the disposition of the Fourteenth Amendment claims raised "questions about the finality of the dismissal order, as dismissals without prejudice naturally leave open the possibility of further litigation in some form." *Riddick v. Barber*, 822 F. App'x 200, at *201 (4th Cir. Sept. 22, 2020) (quoting *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 610 (4th Cir. 2020)). As such, the Fourth Circuit instructed this Court to allow Plaintiff to file a second amended complaint. *Id.*

In accordance with that instruction, on October 15, 2020, the Court entered an Order (ECF No. 46) allowing Plaintiff twenty-one (21) calendar days to file a second amended complaint.[3] On November 12, 2020, Plaintiff filed his Second Amended Complaint (ECF No. 47), dropping all originally named defendants except for Barber, Melton and Vauter. On February 16, 2021, Defendants filed a Motion to Dismiss for Failure to State a Claim (ECF No.

---

[3] While Plaintiff's appeal was pending, Plaintiff filed another action raising substantially the same claims that he raises here. *Riddick v. Barber, et al.*, 3:20cv684 (DJN). In the Court's October 15, 2020 Order, the Court consolidated the two actions and indicated that the Complaint filed in the second action would be deemed the operative Complaint for the instant action if Plaintiff failed to comply with the 21-day deadline. (ECF No. 46.) However, because of Plaintiff's *pro se* status, the Court will excuse the late filing and consider the November 12, 2020, filing to be the operative Second Amended Complaint (ECF No. 47).

3

49), arguing that Plaintiff has failed to remedy the relevant pleading deficiencies identified in the Court's Memorandum Opinion.

### B. Facts Alleged

Barber is the former Interim Commissioner for the Virginia Department of Behavioral Health and Developmental Services ("DBHDS"), Melton is the former acting Commissioner of DBHDS and Vauter is the former Director of Central State Hospital ("Central State"). (Second Am. Compl. ¶¶ 5-7.) At all times relevant, Plaintiff was a patient housed at Central State. (Second Am. Compl. ¶ 4.)

On January 30, 2018, Central State's Response Team approached Plaintiff and advised him that "per . . . Jack Barber" and "Rebecca A. Vauter," Plaintiff "was to be placed into 4-points restraints indefinitely." (Second Am. Compl. ¶ 9.) Plaintiff alleges that he remained in four-point restraints for a full two weeks. (Second Am. Compl. ¶ 9.) During those two weeks, Plaintiff was not permitted to attend groups or religious services, use the law library and was forced to shower while wearing the four-point restraints with only one of his arms free at a time. (Second Am. Compl. ¶¶ 10-11.) These facts serve as the basis for Count I of the Second Amended Complaint in which Plaintiff appears to bring a claim for a procedural due process violation. (Second Am. Compl. ¶ 18 ("Defendants . . . failed to adhere to [12VAC35-115-110] which clearly identified a protected liberty interest in avoiding being placed in 4 point restrain[t]s for nearly 2 weeks.").) Specifically, Plaintiff cites 12VAC35-115-110(C)(14), a state administrative code provision, which provides that: "Providers shall limit each approval for restraint for behavioral purposes or seclusion to four hours for individuals age 18 and older, two hours for children and adolescents ages nine through 17, and one hour for children under age nine."

4

As for Count II, Plaintiff states that, beginning on February 15, 2018, hospital staff placed Plaintiff on a ward with no physical human contact. (Second Am. Compl. ¶¶ 12-14.) Plaintiff avers that "[u]pon entering the [ward], Defendant Vauter exited the nurses' station area from a side entrance only to announce that [P]laintiff was to remain on this ward by himself until further notice." (Second Am. Compl. ¶ 12.) Plaintiff alleges that he remained in the ward in total isolation for 577 days. (Second Am. Compl. ¶ 13.) Since February 15, 2018, hospital staff have not allowed Plaintiff to participate in treatment groups or religious services. (Second Am. Compl. ¶¶ 13-14.) Plaintiff further states that hospital staff observe him through a one-way mirror. (Second Am. Compl. ¶ 13.) Plaintiff contends that because of this isolation, his mental health has deteriorated and that he has experienced depression, hallucinations and anxiety. (Second Am. Compl. ¶¶ 13-14, 23.) Plaintiff alleges that this conduct constituted a procedural due process violation, again citing to 12VAC35-115-110. (Second Am. Compl. ¶¶ 17, 19-20.) According to Plaintiff, he "remained in solitary confinement per written standing order sought by Defendant Vauter and approved by both [Barber and Melton] in direct violation of section 12VAC35-115-110(C)(15)." (Second Am. Compl. ¶ 20.)

Based on these allegations, Plaintiff seeks $2.7 million in punitive damages. (Second Am. Compl. ¶ 26.)

C. **Defendants' Motions to Dismiss**

First, Defendants argue that Plaintiff fails to plausibly allege a Fourteenth Amendment Claim against Barber and Melton. (Br. in Supp. of Mot. to Dismiss Amended Complaint ("Defs.' Mem.") (ECF No. 50) at 5-8.) On that front, Defendants point out that Plaintiff fails to lodge any allegations against Melton with respect to Count I. (Defs.' Mem. at 5-6.) Thus, because Plaintiff has not alleged that Melton personally participated in the constitutional

5

violations alleged in Count I, Defendants argue that Count I should be dismissed with prejudice as to him. (Defs.' Mem. at 5-6.) Likewise, Defendants contend that the Second Amended Complaint does not establish that Melton or Barber personally participated in the constitutional violations alleged in Count II. (Defs.' Mem. at 6.) And, because Plaintiff fails to allege facts sufficient to establish supervisory liability, Defendants reason that Count II must be dismissed with respect to Melton and Barber. (Defs.' Mem. at 6-8.)

Additionally, Defendants assert that Plaintiff fails to allege facts sufficient to show that Defendants violated the Fourteenth Amendment's professional judgment standard. (Defs.' Mem. at 8-11.) Along those lines, Defendants emphasize that Plaintiff has failed to allege what the appropriate standard is and how these Defendants deviated from that standard. (Defs.' Mem. at 11.) Although Plaintiff cites 12VAC35-110 as his basis that Defendants violated a protected liberty interest, Defendants point out that 12VAC35-115-10(D) permits exemptions to 12VAC35-115-110 "to the extent that the commissioner may determine this chapter is not applicable" to individuals committed to the custody of DBHDS. (Defs.' Mem. at 9.) Finally, Defendants claim the protection of qualified immunity. (Defs.' Mem. at 11-13.)

## II. STANDARD OF REVIEW

A complaint need only contain "a short, plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of a complaint or a counterclaim. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). A claim or counterclaim must state facts sufficient to "'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Further, the facts alleged must be sufficient to "state all elements of [any]

6

claim[s]." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002) and *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Ultimately, "[t]o survive a motion to dismiss, a claim must contain factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcraft v. Iqbal*, 556 U.S. 662, 678 (2009).

When evaluating a Rule 12(b)(6) motion to dismiss, a court must accept as true all well-pleaded allegations. *Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 539 (4th Cir. 2013). However, "'naked assertions of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'" *Francis v. Giacomelli*, 588 F.3d 186, 183 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557). Because Plaintiff proceeds *pro se,* the Court construes Plaintiff's complaint liberally. *Erikson v. Pardus,* 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)); *see also Laber v. Harvey,* 438 F.3d 404, 413 n.3 (4th Cir. 2006) (explaining that *pro se* complaints are afforded a liberal construction). Indeed, "[a l]iberal construction of the pleadings is particularly appropriate where, as here, there is a pro se complaint raising civil rights issues," *Jehovah v. Clarke,* 798 F.3d 169, 176 (4th Cir. 2015) (citing *Smith v. Smith*, 589 F.3d 736, 738 (4th Cir.2009) (alteration in original)). However, the Court need not attempt to "discern the unexpressed intent of the plaintiff," *Laber*, 438 F.3d at 413, nor does the requirement of liberal construction excuse a complete failure to allege a cognizable claim, *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990).

To survive a motion to dismiss and state a cognizable claim under § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state

law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Notably, a plaintiff must sufficiently allege that a defendant's *personal act or omission* led to the deprivation of a federal right. *Fisher v. Wash. Metro. Area Transit Author.*, 690 F.2d 1133, 1142-43 (4th Cir. 1982), *abrogated on other grounds by Cty. of Riverside v. McLaughlin*, 500 U.S. 44 (1991).

### III. ANALYSIS

#### A. Plaintiff Fails to State a Fourteenth Amendment Claim Against Defendants.[4]

The Court begins its analysis by observing one material difference between Plaintiff's Amended Complaint (ECF No. 6) and his Second Amended Complaint (ECF No. 47). Specifically, Plaintiff now identifies 12VAC35-115-110 as the standard against which the Court should evaluate his due process claims. (Second Am. Compl. ¶¶ 18-20.) As mentioned, the Court previously dismissed the Amended Complaint's (ECF No. 6) Fourteenth Amendment claims for two reasons — i.e., because Plaintiff failed to allege Barber and Melton's personal participation in the alleged constitutional deprivations, and, because Plaintiff failed to allege facts sufficient to overcome the Professional Judgment Standard's presumption of validity. (Mem. Op. at 16-20.) At bottom then, the Court must determine whether Plaintiff's reliance on Virginia's administrative code cures the pleading deficiencies that the Court previously identified.

To state a cognizable claim under § 1983, Plaintiff must allege facts in his complaint to show that he was "deprived of rights guaranteed by the Constitution or the laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law." *Turner v. Herrick*, 2011 WL 3320820, at *3 (E.D. Va. July 29, 2011) (citing *West*

---

[4] In light of the Court's ruling here, the Court need not address Defendants' argument regarding qualified immunity.

8

*v. Atkins*, 487 U.S. 42 (1988)); *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692-93 (1978) (explaining that a plaintiff must demonstrate that a defendant personally participated in the alleged constitutional violation.) Indeed, the Supreme Court has held that a plaintiff must show personal participation and, further, that the concept of respondeat superior does not exist for claims brought pursuant to § 1983. *Id.*; *see also Iqbal*, 556 U.S. at 676 ("[A] plaintiff must plead that each Government-official defendant, through the official's *own individual actions*, has violated the Constitution." (emphasis added)).

Here, the Court finds that as to Barber and Melton, Plaintiff has again failed to allege facts sufficient to show that those Defendants have deprived him of rights guaranteed to him under the Fourteenth Amendment. Indeed, Plaintiff has not demonstrated any facts that tend to support personal participation in a constitutional violation, as required by § 1983.

Specifically, although Plaintiff has put forth factual and legal conclusions, he has failed to allege facts that demonstrate that Barber or Melton personally participated in the alleged Fourteenth Amendment violations. Instead, Plaintiff conclusively alleges that he was placed in 4-point restraints "per" Barber and Vauter, and that he remained in solitary confinement "per written standing order" sought by Vauter and approved by Barber and Melton. (Second Am. Compl. ¶¶ 9, 20.) Because Plaintiff proceeds *pro se*, the Court may construe Plaintiff's complaint liberally; however, "'naked assertions of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'" *Francis v. Giacomelli*, 588 F.3d 186, 183 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557). Here, Plaintiff fails to support his "naked assertions of wrongdoing" against Barber and Melton with any "factual enhancement" that allow his claims to reach the threshold of plausibility. *Id.* Because Plaintiff has failed to allege sufficient facts to

9

demonstrate any personal participation in the alleged Fourteenth Amendment violations by Barber or Melton, the Court finds that Plaintiff has failed to state Fourteenth Amendment claims upon which relief can be granted pursuant to § 1983.

As to Vauter, the Court has previously held that Plaintiff alleged sufficient facts to show her personal participation in the alleged constitutional violations. (Mem. Op. at 18-20 (citing Pl.'s Opp'n, Ex. B. (ECF No. 28-2) ("The correspondence specifically references Plaintiff's placement in four-point restraints and in the seclusion ward, and tends to show Vauter's personal participation in the events and alleged Fourteenth Amendment violations.").) Accordingly, the Court now turns to an analysis of whether Plaintiff's additional allegations relating to the Virginia administrative code help him overcome the Professional Judgment Standard's presumption of validity.

Within the context of Plaintiff's Fourteenth Amendment claims against Vauter, even if a plaintiff can establish personal participation in the alleged Fourteenth Amendment violation, the decisions of state professionals enjoy a presumption of correctness. *Youngberg v. Romeo*, 457 U.S. 307 (1982). The professional judgment standard provides that a "decision, if made by a professional, is presumptively valid; liability may be imposed only when the decision by the professional is such a substantial departure from the accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Id.* at 322; *Patten v. Nichols*, 274 F.3d 829, 836 (4th Cir. 2001) (citing *Youngberg*). It is not up to the courts to question the professional judgment of experts in their fields. *Youngberg*, 457 U.S. at 322 ("[T]here is no reason to think judges or juries are better qualified than appropriate professionals in making such decisions.").

10

On this score, the Court finds that Plaintiff has again failed to adequately allege facts showing that Vauter deviated from the accepted professional standard. *See Youngberg*, 457 U.S. at 323 ("[A] decision, if made by a professional, is presumptively valid."). Indeed, Plaintiff has not stated any facts that identify the accepted professional standard. Nor has he identified the actions that departed from that standard. Additionally, although 12VAC35-115-110(C)(14) states that providers should generally not approve restraint or seclusion for more than four hours, 12VAC35-115-10(D) expressly allows the Commissioner to grant exemptions from that rule. And, as attachments to Plaintiff's Second Amended Complaint and Response in Opposition make clear, such an exemption was granted here. (Second Am. Compl., "Vauter Letter on Restraints" (ECF No. 47-1) at 1-2; Response in Opp'n, "Vauter Letter on Seclusion" (ECF No. 28-2) at 9.)[5] Accordingly, 12VAC35-115-110 does not by its own force establish that Vauter acted contrary to the accepted professional judgment, because 12VAC35-115-10(D) allows Central State to exercise professional judgment in seeking and obtaining approval to suspend its requirements. Moreover, Plaintiff does not set forth any allegations to the effect that Vauter contravened acceptable professional judgment in seeking an exemption pursuant to 12VAC35-115-10(D). In short, because Plaintiff has not demonstrated that Vauter substantially departed from any appropriate professional judgment, Vauter's decisions are presumed valid and not in violation of Plaintiff's Fourteenth Amendment rights.

---

[5] In rendering its decision, the Court may consider documents attached to the complaint, Fed. R. Civ. P. 10(c), "as well as those attached to the motion[s] to dismiss, so long as they are integral to the complaint and authentic." *Philips v. Pitt County Memorial Hospital*, 572 F.3d 176, 180 (4th Cir. 2009). Additionally, the Court may take judicial notice of official public records, including public court documents. *Id.* (citing *Hall v. Virginia*, 385 F.3d 421, 424 (4th Cir. 2004)).

11

## IV. CONCLUSION

For the reasons set forth above, the Court hereby GRANTS Defendants' Motion to Dismiss (ECF No. 49) and DISMISSES WITH PREJUDICE Plaintiff's Second Amended Complaint (ECF No. 47).[6]

This case is now CLOSED.

An appropriate Order shall issue.

Let the Clerk file a copy of this Memorandum Opinion electronically, notify all counsel of record and forward a copy to Plaintiff at his address of record.

                                            /s/
                                        David J. Novak
                                        United States District Judge

Richmond, Virginia
Date: April 27, 2021

---

[6] As the Second Amended Complaint represents the third Complaint filed in this action, the Court finds that deficiencies in the Second Amended Complaint cannot be corrected by improved pleading.