IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

RASHAD MATTHEW RIDDICK,

        Plaintiff,

    v.                            Civil Action No. 3:19cv71

JACK BARBER, *et al.,*

        Defendants.

## MEMORANDUM OPINION

This matter comes before the Court on Plaintiff Rashad Matthew Riddick's[1] Notice of Motion and Motion for Leave to File Amended Complaint (the "Motion for Leave" or "Motion").[2] (ECF No. 84.) Mr. Riddick attached his proposed amended complaint as Exhibit 1 to the memorandum in support of his Motion for Leave. (ECF No. 85-1.) Defendants Jack Barber and Rebecca A. Vauter (collectively, "Defendants") responded in opposition to the Motion, (ECF No. 88), and Mr. Riddick replied, (ECF No. 89).

The matter is ripe for disposition. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid in the decisional process.

For the reasons articulated below, the Court will grant the Motion. (ECF No. 84.)

---

[1] Mr. Riddick was a *pro se* litigant for the majority of this case. Counsel entered an appearance on September 10, 2024. (ECF No. 69.)

[2] The Court employs the pagination assigned by the CM/ECF docketing system.

# I.  Factual and Procedural Background

## A.  Factual Allegations

Mr. Riddick "is involuntarily committed as a patient at Central State Hospital ('Central State'), a Virginia state psychiatric hospital run by the Virginia Department of Behavioral Health and Developmental Services ('VDBHDS')." (ECF No. 85-1 ¶ 1.) "Defendant Jack Barber was the interim Commissioner of the VDBHDS" from 2015 until June 2018 ("First Int. Comm'r"). (ECF No. 85-1 ¶ 8.) "Defendant Rebecca Vauter was . . . the acting Director of Central State" from 2014 to October 2020 ("First Acting Dir."). (ECF No. 85-1 ¶ 9.) "Defendant Alison Land was . . . the acting Commissioner for the VDBHDS" from December 2019 to January 2022. ("Second Act. Comm'r"). (ECF No. 85-1 ¶ 10.) "Defendant Brandi Justice is the acting director of Central State and has held that position since 2020" ("Acting Dir."). (ECF No. 85-1 ¶ 11.)

On January 30, 2018, Mr. Riddick "was approached and advised by Central State's Response Team that, per Defendant First Int. Comm'r Barber and Defendant First Acting Dir. Vauter, he was to be placed into four-point restraints indefinitely." (ECF No. 85-1 ¶ 13.) He alleges that he "remained in four-point restraints for a full two weeks." (ECF No. 85-1 ¶ 15.)

"On February 15, 2018 . . . [Mr. Riddick]—while still in the four-point restraints initiated on January 30—was escorted to an empty psychiatric ward in Building 39's Forensic Unit." (ECF No. 85-1 ¶ 21.) "Defendant [Dr.] Vauter announced that [Mr. Riddick] must remain on the ward by himself until further notice." (ECF No. 85-1 ¶ 22.) Mr. Riddick "remained on the ward by himself in total isolation for 577 days." (ECF No. 85-1 ¶ 23 (emphasis omitted).) During that time, Mr. Riddick "was prohibited from having any physical or face-to-face human contact" and "even staff and nurses were not allowed to be near [him] on the ward." (ECF No. 85-1 ¶ 25.) "When [Mr. Riddick] was fed, he was provided food through a slot cut into the nurses' station

2

window", which "was converted into a one-way mirror so [Mr. Riddick] could not even see anyone." (ECF No. 85-1 ¶ 25.)

"On . . . March 3, 2021, hospital staff once again moved Mr. Riddick to a vacant psychiatric ward in Building 39 to be placed in seclusion." (ECF No. 85-1 ¶ 30.) "For the second time, Mr. Riddick was subjected to isolation in the vacant ward, this time for approximately 322 days." (ECF No. 85-1 ¶ 31 (emphasis omitted).) "In May 2021, while still in isolation, Mr. Riddick filed an internal complaint regarding his ongoing seclusion." (ECF No. 85-1 ¶ 32.) That month, "he received a written response from Defendant Acting Dir. Justice, stating that Central State had sought an exemption that would allow the hospital to place Mr. Riddick in isolation at any point there was a concern Mr. Riddick could become aggressive." (ECF No.  85-1 ¶ 32.) "With Defendant [Dr.] Justice's response to [Mr. Riddick], she attached an e-mail from Defendant Alison Land," which "stated [Ms. Land] was granting the exemption . . . to hold Mr. Riddick in seclusion." (ECF No. 85-1 ¶ 33.)

As a result of these two periods of "extreme isolation", Mr. Riddick experienced "gross hallucinations, during which he talked to himself a lot, and long periods of depression, during which [he] stopped eating at times, leading to significant unwanted weight loss." (ECF No. 85-1 ¶¶ 29, 38.)

### B.    Procedural Background

On January 30, 2019, *pro se* Plaintiff Mr. Riddick filed his original federal court Complaint against 13 defendants, including First Int. Comm'r Barber and First Acting Dir. Vauter. (ECF No. 1-1.) On March 22, 2019, Mr. Riddick filed his First Amended Complaint, which was largely illegible and was replaced with a legible version on March 29, 2019. (ECF Nos. 5, 6.) Defendants, including Mr. Barber and Dr. Vauter, filed motions to dismiss. (ECF

3

Nos. 16, 20, 22, 24.)  Mr. Riddick filed a Motion for the Appointment of Counsel.  (ECF No. 33.)  On November 18, 2019, the Hon. David J. Novak granted Defendants' Motions to Dismiss Mr. Riddick's First Amended Complaint and denied Mr. Riddick's Motion for the Appointment of Counsel.  (ECF No. 39.)  Mr. Riddick timely appealed.  (ECF No. 40.)  The United States Court of Appeals for the Fourth Circuit dismissed the appeal and remanded to the district court with instructions to allow Mr. Riddick to file a second amended complaint.  (ECF No. 43, at 3.)

On November 12, 2020, Mr. Riddick filed the Second Amended Complaint—the operative complaint in this matter.  (ECF No. 47.)  Defendants Mr. Barber, Mr. Melton,[3] and Dr. Vauter filed a motion to dismiss.  (ECF No. 49.)  Mr. Riddick filed a handwritten Request for Counsel, (ECF No. 51), which was denied, (ECF No. 52).  On April 27, 2021, Judge Novak granted the motion to dismiss and dismissed with prejudice Plaintiff's Second Amended Complaint.  (ECF No. 55.)  Mr. Riddick timely appealed the dismissal.  (ECF No. 56.)  The Fourth Circuit reversed the Court's dismissal of Plaintiff's Second Amended Complaint and remanded the case for further proceedings, "recommend[ing] that the district court appoint counsel for [Mr. Riddick] consistent with local rules and procedures."  (ECF No. 61, at 24.)  On August 5, 2024, Judge Novak recused himself due to a conflict and the case was reassigned to the undersigned.  (ECF No. 63.)

On September 6, 2024, Defendants First Int. Comm'r Barber and First Acting Dir. Vauter filed an Answer.  (ECF No. 67.)  On September 10, 2024, counsel for Mr. Riddick entered an appearance.  (ECF No. 69.)  On November 13, 2024, counsel for Mr. Riddick filed the instant Motion for Leave, appropriately attaching a proposed amended complaint.  (ECF No. 84, 85-1.)

---

[3] As discussed below, Mr. Riddick's proposed amended complaint removes Hughes Melton as a named defendant.  (ECF No. 85, at 3.)

Mr. Barber and Dr. Vauter responded in opposition to the Motion for Leave, (ECF No. 88), and Mr. Riddick replied, (ECF No. 89).

## II.  Standard of Review

Federal Rule of Civil Procedure 15(a)(2) permits a party to amend its pleading "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).  Rule 15(a)(2) instructs that the Court "should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2).  "This liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006).  Courts should deny leave to amend in only three circumstances:  (1) bad faith on the party of the moving party; (2) prejudice to the opposing party; or (3) futility. *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Federal Rule of Civil Procedure 20(a)(2)[4] governs permissive joinder and applies when a plaintiff seeks to add new parties.  "Rule 20 does not authorize a plaintiff to add claims 'against different parties [that] present[] entirely different factual and legal issues.'" *Sykes v. Bayer*

---

[4] Federal Rule of Civil Procedure 20(a)(2) states:

(a) PERSONS WHO MAY JOIN OR BE JOINED.

(2) *Defendants*.  Persons—as well as a vessel, cargo, or other property subject to admiralty process in rem—may be joined in one action as defendants if:

(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).

5

*Pharm. Corp.*, 548 F.Supp.2d 208, 218 (E.D. Va. 2008) (alterations in original) (citation omitted).  Accordingly, an amended complaint seeking to add a new party must also comport with the joinder requirements. *Prasad v. Vick*, No. 3:16cv40 (MHL), 2017 WL 1091785, at *2 (E.D. Va. Mar. 22, 2017).

### III.  Analysis

Mr. Riddick submits that his proposed amended complaint makes three changes to his Second Amended Complaint—the operative complaint in this action.  He contends that it "(1) clarifies, organizes, and adds detail to the allegations, illuminated through counsel's investigation, in support of [his] current claims against Defendants Jack Barber and Rebecca Vauter"; "(2) removes . . . Hughes Melton as a named defendant"; and (3) "adds claims against former Commissioner of [Virginia Department of Behavioral Health and Development Services ("VDBHDS"], Alison Land, and current Director of Central State, Brandi Justice."  (ECF No. 85, at 3.)  First Int. Comm'r Barber and First Acting Dir. Vauter represent that they "do not oppose the motion as it relates to the allegations and claim against them or the removal of Hughes Melton as a defendant."  (ECF No. 88, at 1 n.1.)  Rather, Mr. Barber and Dr. Vauter oppose only the proposed amended complaint to the extent it seeks to add claims against Second Acting Comm'r Land and Acting Dir. Justice.  They do so on two grounds:  (1) the proposed amended complaint is futile, and (2) joining Ms. Land and Dr. Justice prejudices Mr. Barber and Dr. Vauter.  (ECF No. 88, at 5–11.)  The Court analyzes each argument in turn.

### A.    Mr. Riddick's Motion for Leave to Amend is Not Futile

"A court should deny a motion to amend as futile if the amended complaint could not survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." *Cappetta v. GC Servs. Ltd. P'ship*, No. 3:08cv288 (MHL), 2009 WL 482474, at *4

6

(E.D. Va. Feb. 24, 2009) (citing *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995)).

Futility is a high bar. "Leave to amend . . . should only be denied on the ground of futility when

the proposed amendment is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at

510. Defendants Barber and Vauter assert that Mr. Riddick's proposed amended complaint is

futile for two reasons. First, they contend that Mr. Riddick's claims against Ms. Land and Dr.

Justice are time-barred. (ECF No. 88, at 5.) Second, they assert that Mr. Riddick's claims

against Ms. Land and Dr. Justice are barred by res judicata. (ECF No. 88, at 7.) The Court

rejects both arguments and concludes that Mr. Riddick's proposed amended complaint is not

futile.

### 1.     The Court Equitably Tolls the Statute of Limitations for Mr. Riddick's Claims Against Second Act. Comm'r Land and Acting Dir. Justice

First, Defendants argue that Mr. Riddick's claims against Second Act. Comm'r Land and

Acting Dir. Justice in his proposed amended complaint are futile because they are barred by the

statute of limitations. (ECF No. 88, at 5–7.) Mr. Riddick's § 1983 claims against Ms. Land and

Dr. Justice are subject to Virginia's two-year statute of limitations for personal injury claims,

which has expired. (*See* Va. Code § 8.01-243(A); *see also* ECF No. 85, at 7; ECF No. 88, at 5.)

Nevertheless, Mr. Riddick contends that his "claims are timely because of equitable tolling."

(ECF No. 88, at 5.) Because the Court agrees that the statute of limitations applicable to Mr.

Riddick's claims against Ms. Land and Dr. Justice should be equitably tolled, the proposed

amended complaint is not futile.

"Equitable tolling is reserved for those rare instances where – due to circumstances

external to the party's own conduct – it would be unconscionable to enforce the limitation period

against the party and gross injustice would result." *Battle v. Ledford*, 912 F.3d 708, 718 (4th Cir.

7

2019) (internal quotation marks and citation omitted).  "The Supreme Court has explained that 'generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'"  *Id.* (brackets omitted) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

On September 29, 2021, while still involuntarily committed at Central State, Mr. Riddick "filed a separate [federal] suit [from the one before the Court] . . . No. 3:21-cv-00623-DJN-EWH, naming Defendants [Acting Dir.] Justice and [Second Act. Comm'r] Land as defendants, and bringing claims against them based on their actions subjecting Mr. Riddick to the extreme period of seclusion described above[.]"  (ECF No. 85-1 ¶ 44.)  "On November 16, 2021, the district court . . . dismissed without prejudice . . . [Mr. Riddick's] claims against Defendants [Ms.] Land and [Dr.] Justice [in Case No. 3:21-cv-00623-DJN-EWH], holding . . . that [he] had failed to state a claim under 42 U.S.C. § 1983."  (ECF No. 85-1 ¶ 45.)  The docket reflects that a copy of the memorandum opinion and order dismissing the case were mailed to Mr. Riddick, "but were 'Returned as Return to Sender Unable to Forward.'"  (ECF No. 85-1 ¶ 48.)

Mr. Riddick alleges he "did not receive a copy of the dismissal memorandum opinion and order from the court for case No. 3:21-cv-00623-DJN-EWH" and "did not know his claims against Defendants [Ms.] Land and [Dr.] Justice had been dismissed without prejudice until he was informed by a family member in late 2023 or early 2024."  (ECF No. 85-1 ¶ 49.)  At the time, Mr. Riddick was "involuntarily committed as a patient at Central State Hospital . . . where

8

he receives treatment as part of Central State's forensic maximum security inpatient psychiatric services." (ECF No. 85-1 ¶ 1.)

The Court concludes that Mr. Riddick has established that he was sufficiently "pursuing his rights diligently" by having filed his claims against Second Act. Comm'r Land and Acting Dir. Justice in Case No. 3:21-cv-623 and that "extraordinary circumstances" prevented him from timely appealing the district court's dismissal of those claims. *See Battle*, 912 F.3d at 718. Due to circumstances external to Mr. Riddick's own conduct, he did not receive the mailed memorandum opinion and order and consequently was unaware that his claims against Land and Justice had been dismissed. Equitable tolling applies because it would be "unconscionable to enforce the limitation period against [Mr. Riddick] and gross injustice would result." *Battle*, 912 F.3d at 718. Therefore, Mr. Riddick's proposed amended complaint is not futile on this ground.

### 2. Mr. Riddick's Claims Against Second Acting Comm'r Land and Acting Dir. Justice Are Not Barred by Res Judicata

Second, Defendants argue that Mr. Riddick's claims in his proposed amended complaint against Second Acting Comm'r Land and Acting Dir. Justice are futile because they are barred by res judicata. (ECF No. 88, at 7–8.) Defendants assert that "[c]laim and issue preclusion apply to [Mr.] Riddick's due-process claim against Land and [] Justice because the circuit court entered an order dismissing with prejudice and identical claim against Land and [] Justice." (ECF No. 88, at 7.) In support, Defendants cite a case filed in the Circuit Court for Dinwiddie County, *Riddick v. Justice, et al.*, No. CL21-946 (Va. Cir. Ct. Dec. 21, 2021) ("Dinwiddie County Complaint"). (ECF No. 88, at 7; ECF No. 88-1.) The Dinwiddie Court dismissed the Dinwiddie County Complaint with prejudice. (ECF No. 88-2, at 2.) Despite that dismissal,

because Mr. Riddick's claims are not barred by claim or issue preclusion, the proposed amended complaint is not futile.

### i.    Standard of Review

"Under Virginia's law of claim preclusion, parties may not relitigate the same cause of action or any part thereof which *could* have been litigated in the previous action."[5] *Passaro v. Virginia*, 935 F.3d 243, 249 (4th Cir. 2019) (internal quotation marks omitted) (emphasis in original).  To be barred by the doctrine of claim preclusion, claims must meet three elements: (1) the prior claim was decided on the merits by a final judgment; (2) the claims are between the same parties; and (3) both claims arise from the same conduct, transaction, or occurrence. *Garrett v. Dotson*, No. 3:19cv835 (REP), 2024 WL 3643085, at *14 (E.D. Va. Aug. 2, 2024) (citing *Lee v. Spoden*, 776 S.E. 798, 804 (Va. 2015).  However, "if procedural rules prevented the plaintiff from asserting all his [or her] claims for relief in a single case, then claim preclusion does not bar the plaintiff from bringing a second case to seek the relief he [or she] could not obtain in the first." *Pasarro*, 935 F.3d at 249.  "Under Virginia law, it 'is firmly established that the party who asserts the defense of res judicata or collateral estoppel has the burden of proving by a preponderance of the evidence that the claim or issue is precluded by a prior judgment.'" *Id.* (quoting *Scales v. Lewis*, 541 S.E.2d 899, 901 (Va. 2001)).

"Issue preclusion bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim.'" *Hately v. Watts*, 917 F.3d 770, 777 (4th Cir. 2019)

---

[5] The Court analyzes whether Mr. Riddick's claims against Second Act. Comm'r Land and Acting Dir. Justice are barred by res judicata under Virginia law. *Marrese v. Am. Academy of Orthopaedic Surgeons*, 470 U.S. 373, 375 (1985) ("Under 28 U.S.C. § 1738, a federal court generally is required to consider first the law of the State in which the judgment was rendered to determine its preclusive effect.").

(quoting *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008)).  "Under Virginia law, a party asserting

defensive issue preclusion has 'the burden of proving that the claim or question had been in issue

and determined in [a] prior . . . action.'"  *Id.* at 778 (quoting *Scales v. Lewis*, 541 S.E.2d 899, 901

(Va. 2001)).  "Specifically, the proponent of issue preclusion must demonstrate that:  '(1) the

parties to the two proceedings, or their privies, be the same; (2) the factual issue sought to be

litigated must have been actually litigated in the prior action and must have been essential to the

prior judgment; and (3) the prior action must have resulted in a valid, final judgment against the

party sought to be precluded in the present action.'"  *Id.* (quoting *Weinberger v. Tucker*, 510 F.3d

486, 491 (4th Cir. 2007)).

### ii.    Analysis

Defendants fail to meet their burden to prove by a preponderance of the evidence that Mr.

Riddick's claims against Second Act. Comm'r Land and Acting Dir. Justice are barred by the

doctrine of claim preclusion.  *See Scales*, 541 S.E.2d at 901.  On December 21, 2021, Mr.

Riddick filed a Complaint in the Circuit Court for Dinwiddie County ("Dinwiddie County

Complaint") which included due process claims against Ms. Land and Dr. Justice.  (ECF No. 88-

1.)  Defendants assert that "the claim—a due-process claim based on the use of seclusion that

began on March 3, 2021—is identical between the two lawsuits."  (ECF No. 88, at 8.)

Contrary to Defendants' argument, the State Court Complaint did not contain "identical"

claims to those asserted against Dr. Justice and Ms. Land in the proposed amended complaint

before this Court.  Significantly, Mr. Riddick's State Court Complaint makes no reference to 42

U.S.C. § 1983, unlike his proposed amended complaint before this Court, which exclusively

alleges claims under § 1983.  Rather, the State Court Complaint alleged two counts:  (1) "14th

Amendment Substantive Due Process Violation, Deliberate Indifference – State Created Liberty

11

Interest – Isolation used as a form of torture", and (2) "Violation of Plaintiff's 14th Amendment Due Process Rights, Violation of state-created Human Rights Complaint Process, Invalid Complaint Procedure." (ECF No. 88-1, at 6, 9.) Further, in contrast to the proposed amended complaint, which requests compensatory and punitive damages, the State Court Complaint requested as relief punitive damages and injunctive relief. (ECF No. 88-1, at 11.) Finally, the State Court Complaint did not specify the capacity in which Ms. Land was being sued.[6] (*See* ECF No. 88-1, at 2.) In contrast, the proposed amended complaint asserts claims against both Defendants Ms. Land and Dr. Justice in their individual capacities. (ECF No. 85-1 ¶ 67.) Because Defendants fail to account for these differences, they have failed to carry their burden to prove by a preponderance of the evidence that Mr. Riddick's claims against Ms. Land and Dr. Justice are barred by claim preclusion.

Defendants similarly fail to show that Mr. Riddick's claims are barred by issue preclusion under Virginia law. "As under federal preclusion law, Virginia applies the doctrine of issue preclusion only when the decided issue is 'essential to the prior judgment.'" *Hately*, 917 F.3d at 778 (quoting *TransDulles Ctr., Inc. v. Sharma*, 472 S.E.2d 274, 275 (Va. 1996)). Defendants assert that issue preclusion applies "because the circuit court entered an order dismissing with prejudice an identical claim against [Ms.] Land and Dr. Justice." (ECF No. 88, at 7.) However, the state court's cursory order sustaining the defendants' demurrer and plea in bar does not articulate the grounds upon which it dismissed Mr. Riddick's claims against Ms. Land and Dr. Justice. (ECF No. 88-2; *see also Hately*, 917 F.3d at 779 (stating that when "a prior court's

---

[6] The State Court Complaint specifies that Mr. Riddick asserted claims against Dr. Justice in her individual capacity. (ECF No. 88-1 ¶ 5 ("At all times relevant to the subject matter of this litigation, Defendant [Dr.] Justice was acting under color of state law in her individual capacity as the Director of Central State Hospital.").)

explanation for its grounds for dismissing a prior action is amenable to multiple interpretations, courts decline to hold that the prior court disposition has preclusive effect in subsequent litigation").) Thus, Defendants have not met their burden to show that the substance of Riddick's claim", (ECF No. 88, at 7–8), was "actually litigated in the prior action" and was "essential to the prior judgment." *Hately*, 917 F.3d at 777.

Because Mr. Riddick's claims are not barred by res judicata, the proposed amended complaint is not futile on that ground.

**B.     Granting Mr. Riddick's Motion for Leave to Amend Would Not Prejudice Defendants First Int. Comm'r Barber and First Acting Dir. Vauter**

Defendants argue that permitting Mr. Riddick to amend his complaint to add Second Act. Comm'r Land and Acting Dir. Justice as Defendants would prejudice Defendants First Int. Comm'r Barber and First Acting Dir. Vauter because such joinder is improper. Under Federal Rule of Civil Procedure 20(a)(2), "[p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). The first element is satisfied because the claims against all four individuals arise out of the same series of occurrences—Mr. Riddick's two time periods of being held in isolation. (*See* ECF No. 85-1, at 4–7.) The seclusions were "logically related" because they involved "a consistent pattern" of Mr. Riddick being isolated in the same institution and under similar conditions. *See Courthouse News Serv. v. Schaeffer*, 429 F.Supp.3d 196, 202 (E.D. Va. 2019). The second element of Rule 20(a)(2) is also satisfied because there exist questions of law and fact common to all defendants. Indeed, Defendants do not meaningfully contest that the second

13

element of Rule 20(a)(2) is satisfied.  (ECF No. 88, at 9 (acknowledging that "there may be some commonality in the factual and legal questions governing Counts I and II").)

The Court can discern no other basis for Defendants' assertion that Mr. Barber and Dr. Vauter would be prejudiced by the joinder of Land and Justice.  "Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing."  *Laber*, 438 F.3d at 427.  Despite its appellate history, the litigation before this Court remains at an early stage.  No scheduling order has been entered in this matter and discovery has not commenced.  "The lack of discovery here, in conjunction with the fact that the proposed amendment does not radically change the theory of the case" demonstrates that permitting Mr. Riddick to amend his complaint would not "unduly prejudice" Defendants Mr. Barber and Dr. Vauter.  *Hill v. Select Group, Inc.*, No. 3:09cv179 (DWD) 2009 WL 2225509, at *4 (E.D. Va. July 23, 2009).

### IV.  Conclusion

For the foregoing reasons, the Court will grant Mr. Riddick's Motion for Leave to File Amended Complaint.  (ECF No. 84.)

An appropriate Order shall issue.

Date:  6/30/25
Richmond, Virginia

_____ /s/
M. Hannah Lauck
United States District Judge

14